IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERYL WILLIAMS                                                   PLAINTIFF

VS.                                LR-C-99-175

CITY OF SHERWOOD, ARKANSAS;
SHERWOOD POLICE DEPARTMENT;
& JAMES CROCKETT, in his capacity
as Chief of Police for the City of
Sherwood, Arkansas and individually
& DOUG BELCHER, individually & in
his official capacity; & the SHERWOOD
CIVIL SERVICE COMMISSION                                         DEFENDANTS

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through her attorney, Robert A. Newcomb, and for her Complaint, states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is conferred under the provisions of Title 28, U.S.C. § 1331, 1343 (a), and under other such laws as may apply. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et seq. (Title VII), the Age Discrimination and Employment Act of 1967, as amended 29 U.S.C. § 621 et seq., and 29 U.S.C. § 626; and 42 U.S.C. § 1983 to enforce rights granted by the First and Fourteenth Amendments to the United States Constitution.

2.     Venue is proper in the Eastern District of Arkansas, Western Division, in that all parties are residents of Pulaski County, Arkansas, which is located within the Eastern District of Arkansas, Western Division.

3.     The supplemental jurisdiction of the Court under 28 U.S.C. § 1367 is invoked to enforce the provisions of Arkansas Code Annotated 14-51-301 that promotions be made from those standing among the three highest on the eligibility list, and to determine whether the Sherwood Civil Service Commission violated the provisions of Arkansas Code Annotated 14-51-307.

## PARTIES

4.     The Plaintiff, Cheryl Williams, is a female who at all times material to this cause of action was employed as a police officer by the City of Sherwood, Arkansas and the Sherwood Police Department. At all times material to this cause of action, the Plaintiff was 42 years of age or older.

5.     The City of Sherwood is a municipality located in Pulaski County, Arkansas, and is the employer of the Plaintiff under the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 621, et seq.

6.     The Sherwood Police Department is a division of the City of Sherwood that was the employer of the Plaintiff at all times material to this

cause of action. The Sherwood Police Departmetn was created by the authority of A.C.A. 14-52-201

7.    James Crockett, who is sued individually and in his official capacity, at all times material to this cause of action, was a resident of Pulaski County, Arkansas, and all acts complained of herein was done by him under the color of state law as chief of police for the City of Sherwood, Arkansas Police Department.

8.    Doug Belcher is a police officer with the City of Sherwood, Arkansas, holding the rank of sergeant.

9.    The Sherwood Civil Service Commission is a legal entity responsible for ensuring that promotions and filling of vacancies are done by the Sherwood Police Department in accordance with the provisions of A.C.A. 14-51-301 et seq.

FACTS

10.    The Plaintiff was born on May 28, 1955.

11.    The Plaintiff was employed as a police officer with the City of Sherwood, Arkansas, on March 16, 1986.

12.    The City of Sherwood Civil Service Commission on March 16, 1998, adopted and approved guidelines for promotion to the rank of sergeant requiring that a candidate for promotion meet the following conditions:

a.    At least 4 years of full-time, certified, law enforcement experience. A minimum of 2 years of that experience must be with the Sherwood Police Department;

b.    Hold at least a General Certificate from C.L.E.S.T.;

c.    Must have successfully completed the Criminal Justice Institute Principles Supervision Course, or a course that is equivalent.

13.   The Plaintiff met all the guidelines for promotion to the rank of sergeant mentioned in the preceding paragraph.

14.   Doug Belcher, who was promoted to the rank of sergeant, on or about May 5, 1998, did not meet the guidelines for promotion to sergeant as stated in paragraph 11.

15.   The promotion of individuals within the Sherwood Police Department are governed by the Arkansas Civil Service Act, A.C.A. 14-51-301, et seq and rules adopted pursuant to the statute by the Civil Service Commission.

16.   The Plaintiff on 3 successive examinations for promotion to the rank of sergeant ranked second on the list of eligible candidates for promotion.

17.   Arkansas Code Annotated 14-51-301 requires that a promotion be made from among the individuals ranking among the three highest on the eligibility list.

18. On May 5, 1998, the Plaintiff initially ranked second on the eligibility list for promotion to sergeant.

19. On May 5, 1998, the Defendant, James Crockett, promoted a white male younger than the Plaintiff who ranked first on the promotion list to the rank of sergeant, thereby making the Plaintiff the top ranking person on the eligibility list for promotion to the rank of sergeant.

20. On May 5, 1998, after making the promotion mentioned I paragraph 18, the Defendant, James Crockett, acting under color of state law, promoted a male, younger than the Plaintiff who was fourth on the eligibility list when promoted and therefore not eligible for promotion under Arkansas law to the rank of sergeant, that individual being Doug Belcher.

21. Prior to promoting Doug Belcher, Defendant Crockett had always made promotions in the order that the person ranked on the eligibility list.

22. The Defendant, James Crockett, asked the Sherwood Civil Service Commission to waive the promotion guideline requirements for the rank of sergeant in order that he could avoid promoting the Plaintiff and instead promote Doug Belcher by asking said commission to waive the guidelines in order to promote the "best man for the job."

23.   The promotion of Doug Belcher was done when he was not among the candidates standing among the three highest on the eligibility list.

24.   The Plaintiff was better qualified for promotion to the rank of sergeant on May 5, 1998, than the younger male, Doug Belcher.

25.   The Plaintiff, on or about November 2, 1992, had filed a charge with the E.E.O.C., assigned charge number 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.

26.   The Plaintiff previously had successfully appealed disciplinary action taken against her by the Sherwood Police Department to the Circuit Court of Pulaski County, Arkansas.

27.   The Plaintiff was the senior patrol officer assigned to the Criminal Investigation Division of the City of Sherwood Police Department, and by custom and practice normally the senior officer or highest ranking on the promotion list is assigned as the acting supervisor in the absence of the normal supervisor.

28.   On May 25, 1998, the Defendant, City of Sherwood, did not assign the Plaintiff as the acting supervisor of the Criminal Investigation Division, even though she was the senior officer or highest ranking on the promotion list, but instead assigned a male officer as the supervisor.

29.   On June 8, 1998, the Defendant, City of Sherwood, did not assign the Plaintiff as the acting supervisor of the Criminal Investigation

Division, even though she was the senior officer or highest ranking on the promotion list, but instead assigned a male officer as the supervisor.

30.    The City of Sherwood presently does not have any female police officers holding a supervisory rank.

31.    For at least 15 years prior to the filing of this suit, the City of Sherwood has not had a female police officer holding the rank of sergeant, lieutenant, or captain.

32.    On May 5, 1998, Defendant James Crockett, in order to select a male candidate for promotion, selected Doug Belcher, who at that time stood fourth on the eligible list for promotion to the rank of sergeant in the Sherwood Police Department. The actions of James Crockett were contrary to state law, but were made as the final policy maker for the City of Sherwood.

### FIRST CLAIM FOR RELIEF

Title VII of the Civil Rights Act of 1964 as amended.

33.    A.C.A. 14-51-301 gives Defendant James Crockett final authority to decide who will be promoted from the certified list of those eligible for promotion.

34.    This claim is brought against Defendants, City of Sherwood, Arkansas, and the Sherwood Police Department.

35.    The Plaintiff hereby realleges and incorporates by reference paragraphs 1 - 31 of this Complaint.

36.   Defendants, City of Sherwood and Sherwood Police Department, are government entities covered by and subject to the provisions of Title VII of the Civil Rights Act of 1964 as amended.

37.   Defendant James Crockett is an agent of the Defendants, City of Sherwood and the Sherwood Police Department for the purposes of the conduct alleged and as such is an employer subject to the requirements of Title VII within the meaning of § 701 (b) thereof, 42 U.S.C. § 2000 e (b).

38.   The Plaintiff, Cheryl Williams, was qualified for the position of sergeant with the Sherwood Police Department at all relevant times and continues to be qualified to fulfill the requirements of that position and desires to be promoted to the position of sergeant with the Sherwood Police Department.

39.   The Plaintiff, Cheryl Williams, was not selected to be a sergeant with the Sherwood Police Department on May 5, 1998, because she is a woman and the Defendants wanted a man to hold the position.

40.   The Defendant, Doug Belcher, a male who was promoted to sergeant with the Sherwood Police Department instead of the Plaintiff was less qualified for the position and in fact without waiver of the requirements for the promotion, could not have been.

41.   As a result of Defendants' failing to promote the Plaintiff to the rank of sergeant, she has lost pay, retirement benefits, suffered emotional distress, and humiliation.

42.   The Plaintiff filed a charge with the EEOC on November 2, 1992, with charge number 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, when the Defendants Crockett and City of Sherwood did not select her for promotion to sergeant.

43.   The Defendants in part did not promote Plaintiff on May 5, 1998, in retaliation for filing the previous charge of discrimination.

44.   The Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII and in particular:

a.   Plaintiff filed a timely written charge of discrimination with the United States Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A;

b.   Plaintiff received a notice of right to sue from the United States Department of Justice, a copy of which is attached hereto as Exhibit B;

c.   The Complaint herein was filed with this Court within 90 days of the Plaintiff's receipt of the notice of right to sue set forth in the paragraph above.

## CLAIM II

## 42 U.S.C. § 1983 CLAIM - FIRST AMENDMENT

45.   This claim is asserted against Defendant James Crockett in his individual and official capacities.

46.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 - 39 of this Complaint.

47.   The Defendant, James Crockett, is a person as defined by 42 U.S.C. § 1983.

48.   The Defendant, James Crockett, at all times material to this cause of action, acted under color of state law as police chief of the City of Sherwood, Arkansas, but is being sued in his individual capacity.

49.   The City of Sherwood, by custom and practice, approves as a final decision maker, the actions of the chief of police concerning promotion within the Sherwood Police Department.

50.   The Plaintiff, in exercise of her First Amendment rights to petition for redress of grievance, has previously appealed decisions made by Defendant, James Crockett, in terminating her or disciplining her as a police officer to the Circuit Court of Pulaski County, Arkansas.

51.   The Plaintiff, under her First Amendment right to petition for redress of grievance, previously filed a charge against the City of Sherwood, for sexual discrimination in failing to promote her to the rank of sergeant.

52.   The Plaintiff was retaliated against by Defendant Crockett in failing to promote her to the rank of sergeant with the Sherwood Police Department in retaliation for the exercise of her right to petition for redress of grievance granted her by the First Amendment to the Constitution of the United States of America.

53.   By custom, practice, and policy, James Crockett is a final decision maker whose reasons or non-reasons for promotion of individuals within the Sherwood Police Department is not reviewed by the Mayor and final decision making has been given to Defendant Crockett pursuant to the provisions of Arkansas Code Annotated 14-51-301.

CLAIM III

AGE DISCRIMINATION CLAIM

54.   This claim is asserted against the City of Sherwood, Arkansas and the Sherwood Police Department.

55.   The Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations in paragraph 1 - 45.

56.   At all herein mentioned, Plaintiff was an employee within the meaning of the Age Discrimination and Employment Act, 29 U.S.C. § 621, protected against discrimination in employment on the basis of age, in that Plaintiff was a member of the protected and recognized group of workers over the age of 40.

57.   At all times material hereto, Defendants, City of Sherwood and the Sherwood Police Department were employers within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and as such was prohibited from discriminating in employment decisions on the basis of age.

58.   The Plaintiff has been discriminated against by the City of Sherwood and the Sherwood Police Department on the basis of age in violation of the Age Discrimination in Employment Act by being denied promotion to the rank of sergeant because of her age.

CLAIM IV

42 U.S.C. § 1983 - EQUAL PROTECTION CLAIM

59.   This claim is asserted against the Defendant, James Crockett, individually and in his official capacity as police chief for the City of Sherwood.

60.   The Plaintiff is a female.

61.   On May 5, 1998, the Plaintiff, prior to the promotion of Doug Belcher, ranked highest on the promotion eligibility list for the rank of sergeant.

62.   On May 5, 1998, the Plaintiff met all requirements of the City of Sherwood for promotion to the rank of sergeant.

63.   On May 5, 1998, Doug Belcher did not meet all requirements of the City of Sherwood for promotion to the rank of sergeant.

64.   Defendant James Crockett requested that some promotion requirements be waived by the City of Sherwood Civil Service Commission so Doug Belcher could be promoted.

65.   Defendant Crockett wanted to promote Doug Belcher because he was a male and did not want to promote the Plaintiff because she is a female.

66.   Plaintiff had demonstrated by her performance on the promotion examination process that she was better qualified for promotion than Doug Belcher.

67.   Under state law, Defendant Crockett is a final policy maker in making promotions from the eligibility list for promotion under the probisions of A.C.A. 14-51-301 (b).

68.   The Defendant James Crockett, in failing to promote the Plaintiff because of her sex violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

69.   Prior to promoting Doug Belcher, Defendant James Crockett had always promoted the person standing highest on the promotion list.

COUNT V

STATE LAW CLAIM

70.   The Defendant, Sherwood Civil Service Commission, is the legal entity charged by Arkansas Code Annotated 14-51-301, et seq., with the responsibility to ensure fair and open competition for promotion and to enforce the provisions and requirements of the Arkansas Civil Service Statute.

71.   The Sherwood Civil Service Commission acted in an arbitrary manner contrary to Arkansas law when it authorized the promotion of Doug Belcher to sergeant over the COPPS Program because the vacancy for that position did not require any peculiar or exceptional qualifications of a scientific, professional, or expert character.

72.   The Sherwood Civil Service Commission did not have satisfactory evidence that competition was impractical and that the position of sergeant over the COPPS Program could best be filled with the selection of some person designated who was of a recognized attainment.

73.   The position of sergeant over the COPPS Program did not require any exceptional qualifications that the Plaintiff did not meet.

74.   Doug Belcher stood fourth highest on the list of those eligible for promotion to sergeant on may 5, 1998, when promoted.

75.   Ark. Code. Ann. 14-51-301 et seq. requires that promotion be made from among the three standing highest on the list for promotion.

76.   The promotion of Doug Belcher to sergeant on May 5, 1998, violated state law because he was not among the three standing highest on the promotion eligibility list as certified by the Sherwood Civil Service Commission, nor did Doug Belcher possess any peculiar or exceptional qualifications of a scientific, professional, or expert character as required by A.C.A. 14-51-307.

### PRAYER FOR RELIEF

77.   The Plaintiff as a result of being denied promotion because of her sex in violation of Title VII of the Civil Rights Act of 1964 as amended, has suffered compensatory damages of loss of pay, loss of retirement benefits, emotional distress, and humiliation and should be awarded compensatory damages against the Defendants, City of Sherwood and the Sherwood Police Department in an amount to be determined by a jury.

78.   This Court should order the Defendants, City of Sherwood and Sherwood Police Department to place the Plaintiff in her rightful position as a sergeant with the City of Sherwood Police Department, which position she would occupy as if not having been discriminated against because of her sex.

79.   The Plaintiff as a result of being denied promotion because of her age in violation of the Age Discrimination and Employment Act, has suffered compensatory damages of loss of pay, loss of retirement benefits,

emotional distress, and humiliation and should be awarded compensatory damages against the Defendants, City of Sherwood and the Sherwood Police Department in an amount to be determined by a jury.

80.   This Court should order the Defendants, City of Sherwood and Sherwood Police Department to place the Plaintiff in her rightful position as a sergeant with the City of Sherwood Police Department, retro active to May 5, 1998, which position she would occupy as if not having been discriminated against because of her age.

81.   The actions of the Defendants, in violating Title VII of the Civil Rights Act of 1964, as amended, was wanton and willful, warranting the imposition of punitive damages against the City of Sherwood.

82.   The actions of the Defendant, James Crockett, acting under color of state law in denying the Plaintiff promotion because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment caused the Plaintiff loss of pay, emotional distress, and humiliation, warranting the imposition of compensatory damages against the Defendant, James Crockett, individual.

83.   The actions of the Defendant, James Crockett, in denying the Plaintiff promotion to the rank of sergeant because of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution, was done wantonly, willfully, and with malice, and this Court should award punitive damages against James Crockett.

84.    The actions of James Crockett in retaliating against the Plaintiff for the exercise of her First Amendment right to petition for redress of grievance was wanton, willful, and maliciously done, warranting the award of punitive damages for violation of the Plaintiff's First Amendment rights.

85.    The actions of the Defendants being in violation of the Civil Rights Act of 1964, the Age Discrimination and Employment Act, and 42 U.S.C. § 1983 warrants the award of attorney's fees to the Plaintiff under the provisions of 42 U.S.C. § 1988.

86.    The Court should enter a declaratory judgment that the promotion of Doug Belcher violated Ark. Code Ann. 14-15-301 et seq.

87.    The Court should order the City of Sherwood to remove Doug Belcher from the position of sergeant.

88.    The Court should enter a preliminary injunction prohibiting the City of Sherwood from conducting any test for promotion within the Sherwood Police Department until this case is resolved.

### JURY TRIAL DEMAND

89.    The Plaintiff demands a trial by jury on all issues triable by a jury.

Respectfully submitted:

*Robert A. Newcomb*

Robert A. Newcomb, # 73087
Attorney at Law
Post Office Box 149
Little Rock, AR  72203
(501) 372-5577

## CERTIFICATE OF SERVICE

I hereby state that a copy of the above and foregoing has been mailed this __14__ day of April, 1999, to Mr. David Fuqua, Attorney at Law, P.O. Box 5551, N. Little Rock, AR  72119.

*Robert A. Newcomb*

Robert A. Newcomb

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERYL WILLIAMS                                  PLAINTIFF

VS.                    LR-C-99-175

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 14 1999

JAMES W. McCORMACK, CLERK

CITY OF SHERWOOD, ARKANSAS;
SHERWOOD POLICE DEPARTMENT;
& JAMES CROCKETT, in his capacity
as Chief of Police for the City of
Sherwood, Arkansas and individually
& DOUG BELCHER, individually & in
his official capacity; & THE SHERWOOD               DEFENDANTS
CIVIL SERVICE COMMISSION

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through her attorney, Robert A. Newcomb, and for her Complaint, states:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is conferred under the provisions of Title 28, U.S.C. § 1331, 1343 (a), and under other such laws as may apply. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et seq. (Title VII), the Age Discrimination and Employment Act of 1967, as amended 29 U.S.C. § 621 et seq., and 29 U.S.C. § 626; and 42 U.S.C. § 1983 to enforce rights granted by the First and Fourteenth Amendments to the United States Constitution.

2.    Venue is proper in the Eastern District of Arkansas, Western Division, in that all parties are residents of Pulaski County, Arkansas, which is located within the Eastern District of Arkansas, Western Division.

3.    The supplemental jurisdiction of the Court under 28 U.S.C. § 1367 is invoked to enforce the provisions of Arkansas Code Annotated 14-51-301 that promotions be made from those standing among the three highest on the eligibility list, and to determine whether the Sherwood Civil Service Commission violated the provisions of Arkansas Code Annotated 14-51-307.

## PARTIES

4.    The Plaintiff, Cheryl Williams, is a female who at all times material to this cause of action was employed as a police officer by the City of Sherwood, Arkansas and the Sherwood Police Department. At all times material to this cause of action, the Plaintiff was 42 years of age or older.

5.    The City of Sherwood is a municipality located in Pulaski County, Arkansas, and is the employer of the Plaintiff under the provisions of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination Act of 1967, as amended, 29 U.S.C. § 621, et seq.

6.    The Sherwood Police Department is a division of the City of Sherwood that was the employer of the Plaintiff at all times material to this

cause of action. The Sherwood Police Departmetn was created by the authority of A.C.A. 14-52-201

7.     James Crockett, who is sued individually and in his official capacity, at all times material to this cause of action, was a resident of Pulaski County, Arkansas, and all acts complained of herein was done by him under the color of state law as chief of police for the City of Sherwood, Arkansas Police Department.

8.     Doug Belcher is a police officer with the City of Sherwood, Arkansas, holding the rank of sergeant.

9.     The Sherwood Civil Service Commission is a legal entity responsible for ensuring that promotions and filling of vacancies are done by the Sherwood Police Department in accordance with the provisions of A.C.A. 14-51-301 et seq.

## FACTS

10.    The Plaintiff was born on May 28, 1955.

11.    The Plaintiff was employed as a police officer with the City of Sherwood, Arkansas, on March 16, 1986.

12.    The City of Sherwood Civil Service Commission on March 16, 1998, adopted and approved guidelines for promotion to the rank of sergeant requiring that a candidate for promotion meet the following conditions:

a.    At least 4 years of full-time, certified, law enforcement experience. A minimum of 2 years of that experience must be with the Sherwood Police Department;

b.    Hold at least a General Certificate from C.L.E.S.T.;

c.    Must have successfully completed the Criminal Justice Institute Principles Supervision Course, or a course that is equivalent.

13.    The Plaintiff met all the guidelines for promotion to the rank of sergeant mentioned in the preceding paragraph.

14.    Doug Belcher, who was promoted to the rank of sergeant, on or about May 5, 1998, did not meet the guidelines for promotion to sergeant as stated in paragraph 11.

15.    The promotion of individuals within the Sherwood Police Department are governed by the Arkansas Civil Service Act, A.C.A. 14-51-301, et seq and rules adopted pursuant to the statute by the Civil Service Commission.

16.    The Plaintiff on 3 successive examinations for promotion to the rank of sergeant ranked second on the list of eligible candidates for promotion.

17.    Arkansas Code Annotated 14-51-301 requires that a promotion be made from among the individuals ranking among the three highest on the eligibility list.

18. On May 5, 1998, the Plaintiff initially ranked second on the eligibility list for promotion to sergeant.

19. On May 5, 1998, the Defendant, James Crockett, promoted a white male younger than the Plaintiff who ranked first on the promotion list to the rank of sergeant, thereby making the Plaintiff the top ranking person on the eligibility list for promotion to the rank of sergeant.

20. On May 5, 1998, after making the promotion mentioned I paragraph 18, the Defendant, James Crockett, acting under color of state law, promoted a male, younger than the Plaintiff who was fourth on the eligibility list when promoted and therefore not eligible for promotion under Arkansas law to the rank of sergeant, that individual being Doug Belcher.

21. Prior to promoting Doug Belcher, Defendant Crockett had always made promotions in the order that the person ranked on the eligibility list.

22. The Defendant, James Crockett, asked the Sherwood Civil Service Commission to waive the promotion guideline requirements for the rank of sergeant in order that he could avoid promoting the Plaintiff and instead promote Doug Belcher by asking said commission to waive the guidelines in order to promote the "best man for the job."

23.   The promotion of Doug Belcher was done when he was not among the candidates standing among the three highest on the eligibility list.

24.   The Plaintiff was better qualified for promotion to the rank of sergeant on May 5, 1998, than the younger male, Doug Belcher.

25.   The Plaintiff, on or about November 2, 1992, had filed a charge with the E.E.O.C., assigned charge number 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.

26.   The Plaintiff previously had successfully appealed disciplinary action taken against her by the Sherwood Police Department to the Circuit Court of Pulaski County, Arkansas.

27.   The Plaintiff was the senior patrol officer assigned to the Criminal Investigation Division of the City of Sherwood Police Department, and by custom and practice normally the senior officer or highest ranking on the promotion list is assigned as the acting supervisor in the absence of the normal supervisor.

28.   On May 25, 1998, the Defendant, City of Sherwood, did not assign the Plaintiff as the acting supervisor of the Criminal Investigation Division, even though she was the senior officer or highest ranking on the promotion list, but instead assigned a male officer as the supervisor.

29.   On June 8, 1998, the Defendant, City of Sherwood, did not assign the Plaintiff as the acting supervisor of the Criminal Investigation

36. Defendants, City of Sherwood and Sherwood Police Department, are government entities covered by and subject to the provisions of Title VII of the Civil Rights Act of 1964 as amended.

37. Defendant James Crockett is an agent of the Defendants, City of Sherwood and the Sherwood Police Department for the purposes of the conduct alleged and as such is an employer subject to the requirements of Title VII within the meaning of § 701 (b) thereof, 42 U.S.C. § 2000 e (b).

38. The Plaintiff, Cheryl Williams, was qualified for the position of sergeant with the Sherwood Police Department at all relevant times and continues to be qualified to fulfill the requirements of that position and desires to be promoted to the position of sergeant with the Sherwood Police Department.

39. The Plaintiff, Cheryl Williams, was not selected to be a sergeant with the Sherwood Police Department on May 5, 1998, because she is a woman and the Defendants wanted a man to hold the position.

40. The Defendant, Doug Belcher, a male who was promoted to sergeant with the Sherwood Police Department instead of the Plaintiff was less qualified for the position and in fact without waiver of the requirements for the promotion, could not have been.